UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA, MIAMI

AVION LAWSON,
PLAINTIFF,

V.

CASE NO. 13-CV-14262-DLG

MICHAEL D. CREWS, ET AL.,
DEFENDANTS.

FILED by ___ D.C.

MAY 2 6 2015
ATL
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

### Statement of the Case

This is a 1983 action filed by a Prisoner at Indian River Correctional Institution seeking damages, a Declaratory Judgment, and injunctive relief based on endangerment, and delaying of medical care. In this motion the Plaintiff seeks summary Judgment on his claims arising from the endangerment and delaying of medical care.

### Statement of Facts

As set forth in the accompanying declaration of the Plaintiff, Avion Lawson, he was assaulted by two inmates due to the orders by Defendant M. Slugg whom told them to kill Plaintiff. "Exhibit A, inmate mendenhall sworn statement; Exhibit B, Plaintiff sworn statement; and paragraphs 17-20 set forth in complaint." Plaintiff screamed for help while M. Slugg was present and failed to intervene in the assault as inmate Tyrone Riggins was an eye witness. Defendant D. Ritchie had Plaintiff severally beaten by 5 to 6 inmates because of his criminal case while being the Dorm officer that day and failed to prevent the assault also delaying medical care for several hours and threatened the Plaintiff with disciplinary action if he filed a grievance and don't return from medical. "Exhibit C, medical records; Exhibit D, Plaintiff sworn affidavit; and paragraphs 27-34 set forth in complaint."

### ARGUMENT
### POINT I
### THE CONDUCT OF DEFENDANT SLUGG VIOLATED PLAINTIFF'S
### EIGTH AMENDMENT RIGHT TO BE PROTECTED FROM ASSAULT

Eigth Amendment imposes a duty on prison officials to protect prisoners from violence at the hands of other prisoners. RODRIGUEZ V. Sec Dept of Corr's, 508 F.3d 611 (C.A. 11 / Fla.) 2007). The eleventh circuit has recognized that a prison official violates the eigth amendment when he/she subjectively knows that an inmate is facing a substantial risk of serious harm, yet disregards that known risk by failing to respond to it in an objectively reasonable manner.

### A. The Refusal to take reasonable measures to Protect Plaintiff from Assault

"It is well settled that a prison inmate has a constitutional right to be protected ... from physical assault by other inmates." ). "[H]aving stripped [prisoners] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." Farmer, 511 U.S. at 833, 114 S.Ct. at 1977; Zatler v. Wainwright, 802 F.2d 397, 400 (11th cir. 1986). Defendant Slugg knew about Plaintiff's case being repugnant to inmate population and threatened to have him assaulted showing deliberate Indifference with malice on her mind to have him harm and possibly killed "maliciously and sadistically for the very purpose of causing harm". Helling v. Mckinney, 509 U.S. 25, 33 ( 1993).

Defendant SLUGG knew that there was a substantial risk Plaintiff would be assaulted; letting the prisoners know to assault him and failed to act to prevent such acts with "Reckless disregard" for his safety. Redman v. County of San Diego, 942 F.2d 1435 (9th Cir. 1991). establishing malice does not require direct proof of what was in an officer's mind. Prison staff's actions alone, in light of the circumstances, may be sufficient to show malice. See Fillmore v. Page, 358 F.3d 496, 509 (7th Cir. 2004); Thomas v. Stalter, 20 F.3d 298, 302 (7th Cir. 1994). However, SLUGG knew she was acting illegally. see Saucier v. Katz, 533 U.S. 194 (2001); and Harlow v. Fitzgerald, 457 U.S. 800 (1982).

In Bowers v. DeVito, 686 F.2d 616, 618 (7th Cir. 1982) Judge Posner observed

In a case decided prior to Farmer : "If the state puts a man in a position of danger from private persons and then fails to protect him, it will not be heard to say that its role was merely passive ; it is as much an active [role] as if it had thrown him into a snake pit". Defendant Slugg did not act reasonably within her position and the course and scope of employment and violated clearly established statutory and constitutional rights which a reasonable person would have known, and is not entitled to qualified immunity. Slugg in her supervisory position personally participated in alleged violations and was a causal connection between the actions of the supervising official and the alleged deprivation by other inmates. Valdes v. Crosby, 450 F.3d 1231, 1236 (11th Cir. 2006).

# POINT II
## DEFENDANT RITCHIE IS LIABLE FOR ENDANGERMENT VIOLATIONS BY REASON OF ORDERING INMATES TO ASSAULT PLAINTIFF AND SEXUALLY BATTERY VIOLATING 8th AMENDMENT

Defendant Ritchie as a prison official under color of state law with evil-intentions and malice on his mind ordered 5 to 6 inmates to Batter and sexually assault the Plaintiff because of his criminal case acted with deliberate indifference to protect him as Ritchie threatened to get Plaintiff on several occasions and denied him any Protection. "A remedy for unsafe conditions need not await tragic event and an unreasonable risk of serious harm / damage to his future health". see Helling v. McKinney, 509 U.S. 25, 33 (1993).

### A. The Failure to Prevent Sexual Assault by Multiple Prisoners

Inmates are supposed to be provided protection and not be subjected to sexual assault. Ritchie knew of the danger of such possibility of Plaintiff being raped and allowed him to be sexually assaulted by other inmates are liable. see Newsome v. Lee County, Ala., 431 F.Supp. 2d 1189, 1199 ( M.D. Ala. 2006); Odom v. South Carolina Dept of Corr's, 349 F.3d 765, 772 (4th Cir. 2003); Butler v. Dowd, 979 F.2d 661 (8th Cir. 1992). Ritchie has violated clearly established statutory and constitutional rights which a reasonable person would have known.

### B. DELAYING MEDICAL CARE TO PLAINTIFF

Plaintiff was delayed medical care for hours suffering from severe pain and asked Defendant Ritchie could he go to medical and refused such right intentionally whom also observed Plaintiff's injuries and failed to respond. Brown v. Hughes, 894 F.2d 1533 (11th Cir. 1990). Prison officials are liable for deliberate indifference when they knowingly fail to respond for an inmates request help.

Defendant Ritchie threatened Retaliation for using Grievance Process. Plaintiff has a Protected conduct to use such a Remedy. In <u>Baskerville V. Biot</u>, 224 F. Supp. 2d 723 (S.D.N.Y. 2002); <u>Gaston V. Coughlin</u>, 81 F. Supp. 2d 381 (N.D.N.Y. 1999). Therefore, violating Plaintiff's First amendment Right to Redress Grievances to Government.

## CONCLUSION

For the foregoing Reasons, the Court should Grant Partial Summary Judgment on liability to the Plaintiff on his endangerment, First amendment, and Deliberate Indifference Claims. The amount of damages due to the Plaintiff are set forth in Sworn Complaint.

DATE: <u>MAY 18th, 2015</u>

    Respectfully submitted,
    /S/ <u>Dillon Rawson</u>
      Santa Rosa C.I.
      5850 East Milton Road
      Milton, Florida 32583

## CERTIFICATE OF SERVICE

I Hereby Certify That a True and Correct Copy of the foregoing Documents Has Been furnished By U.S. Mail TO: <u>Ely Gonzalez</u>, Assistant Attorney General, 110 S.E. 6th Street, 10th floor, Ft. Lauderdale, Florida 33301; U.S. District Court, 400 N. Miami Avenue, Room 8N09, Miami, Florida 33128. On this <u>18th</u> Day of May, 2015.

# EXHIBIT

## "A"

# **GENERAL AFFIDAVIT**

STATE OF FLORIDA
COUNTY OF _WAKULLA_

I, _DONAVAN MENDENHALL_____, do hereby swear that the following statement is true and correct, and made of my own freewill, based upon my own personal knowledge:

I WAS HOUSED AT INDIAN RIVER CORRECTIONAL INSTITUTION IN K-1 DORMITORY WITH AVION LAWSON DC#W38414 AROUND OR ABOUT MAY 2010. THROUGHOUT THE TIME WE WERE IN K-1 NUMEROUS OF TIMES INMATE LAWSON WAS BEATEN BY SEVERAL DIFFERENT PRISONERS DUE TO THE PRISON GUARDS ORDERING INMATES TO BEAT AND TORTURE INMATE LAWSON BECAUSE HIS CRIMINAL CASE WENT NATION WIDE. "UPON INFORMATION AND BELIEF" THE WHOLE INDIAN RIVER CORRECTIONAL INSTITUTION KNEW ABOUT HIS CASE AND HOW THE OFFICERS SGT. COLONE, OFF. FRAZIER, OFF. GONZALEZ, AND Lt. SLUGGS HAD PAID PRISONERS TO BEAT INMATE LAWSON, AND HOW SGT. COLONE, OFF. FRAZIER, AND GONZALEZ ASSAULTED LAWSON. I ALSO FOUND OUT LATER ON THAT OFF. RICHIE WHO WORKED K-3 DORMITORY HAD SEVERAL PRISONERS BEAT AND RAPE MR. LAWSON.

General Affidavit of _____ continued:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Under the penalties of perjury, I hereby declare that the foregoing Affidavit and the facts stated herein are true and correct.

Sworn on this _24th_ day of _MAY_____, 2013.

Respectfully submitted,

_Donavan mendenhall_
Affiant signature

EXHIBIT

"B"

---

**GENERAL AFFIDAVIT**

I, AVION TRAMAINE LAWSON, do hereby swear the following statement is true and correct, and made of my own free will from personal knowledge:

On FEBRUARY 23rd, 2015, at approximately 11:00 ☑AM / ☐ PM, CONTEND THAT ON OR ABOUT JANUARY 30th, 2010, Lt. MELISSA SLUGG KNOWINGLY AND RECKLESSLY DISREGARDED PLAINTIFF'S BASIC NEED FOR PROTECTION FROM THE GENERAL DANGERS ARISING FROM A PRISON ENVIRONMENT THAT BOTH STIMULATED AND CONDONED VIOLENCE. PLAINTIFF WAS ASSAULTED BY TWO INMATES ORDERED BY Lt. SLUGG AS ALLEGED BY PLAINTIFF IN PARAGRAPH 17-18 OF COMPLAINT WHICH VIOLATED F.A.C. Rule 33-208.002 (1),(2)(a)(4),(8),(10), AND (26). PRISON OFFICIAL VIOLATES THE 8th AMENDMENT WHEN SHE SUBJECTIVELY KNOWS THAT AN INMATE IS FACING A SUBSTANTIAL RISK OF SERIOUS HARM, YET DISREGARDS THAT KNOWN RISK BY FAILING TO RESPOND TO IT AN OBJECTIVELY REASONABLE MANNER. RODRIGUEZ V. SEC DEPT OF CORR, 508 F.3d 611 (C.A 11/FLA) 2007); ZATLER V. WAINWRIGHT, 802 F.2d 397 (11th CIR. 1986); FARMER, 511 U.S. AT 833, 114 S.CT. AT 1977. MY ROOMATE TYRONE RIGGINS DC#K78019 WAS AN EYE WITNESS TO THE ASSAULT. Lt. SLUGG AS A SUPERVISOR KNEW SHE VIOLATED A CLEARLY ESTABLISHED STATUTORY AND CONSTITUTIONAL RIGHT AND IS NOT ENTITLED TO QUALIFIED IMMUNITY. Lt. SLUGG CLAIMS NOT TO HAVE COMMITTED SUCH VIOLATIONS AND PLAINTIFF CLAIMS Lt. SLUGG DID ORDER INMATES TO BATTER HIM SHOWING A "GENUINE ISSUE OF MATERIAL FACT". PLAINTIFF HAS ALLEGED IN PARAGRAPH 19-20 Lt. SLUGG WITH FULL INTENTIONS AND MALICE HAD LAWSON BATTERED DUE TO HER SEEING HIS CRIMINAL CASE ALL OVER THE NEWS SHOWING PROOF OF MOTIVE, OPPORTUNITY, INTENT, PREPARATION, PLAN, KNOWLEDGE IDENTITY, AND PREMEDITATION TO HARM PLAINTIFF VIOLATING HIS CONSTITUTIONAL RIGHTS. PLAINTIFF DON'T NEED TO SHOW MALICE ON AN OFFICER'S MIND FILLMORE V. PAGE, 358 F.3d 496 (7th CIR. 2004); THOMAS V. STALTER, 20 F.3d 298 (7th CIR. 1994). PLAINTIFF HAS SHOWN MALICE ANY HOW SHOWING A CAUSAL CONNECTION. IN PARAGRAPH 41 OF COMPLAINT Lt. M. SLUGG VIOLATED PLAINTIFF'S RIGHTS.

**DECLARATION AND OATH**

**UNDER PENALTIES OF PERJURY**, I declare that I have read the foregoing document, and swear that the facts stated in it are true and correct in accordance with Florida Statutes section 92.525 (2).

/s/ Avion Lawson #W38414

AVION LAWSON, Affiant

# EXHIBIT

""

**FL. DA DEPARTMENT OF CORREC ONS**

## Chronological Record of Health Care

Allergies: NKDA

| DATE/TIME | DOCTOR'S CLINIC |
|---|---|
| 3/4/10 | Date / Time: 3/4/10 |
| | T 96.6 P 72 BP 132/74 mmHg R 20 Wt 140 # F/U — |
| 3/4/10 1038 | S — IIm in for referral but staff for possible suicidal ideation. IIm states he is very depressed and feels like he wants to hurt himself because other IIms are treating him and also he has an issue c the CO staff @ IRCI. |
| | O — VSS afebrile Counselling provided to IIm on mental health issues and depression. Suporative measures provided... Call placed to Dr Beauvil @ MCI inform ARof Patten that mental health counselor Mr Fitzgerald will be in to see pt IIm 3/5/10 tomorrow. |
| | A — ① Depression ② Suicidal Ideation |
| | P — ① Referred to mental health service Dr Beauvil / Mr Fitzgerald, ② Continue to provide supportive care and mental health counselling to IIm as needed |

Inmate:
DC#
Date o
Institu

LAWSON, AVION
DC# W38414  R/S: B/M
DOB: 11/04/1993
INDIAN RIVER CORRECTIONAL

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

This form is not to be amended, revised, or altered without approval
by the Office of Health Services-Administration

DC4-701 (Revised 10/31/08)

F    IDA DEPARTMENT OF CORRE    ONS

# Chronological Record of Health Care

Allergies: NKDA

| DATE/TIME | |
|---|---|

7/13/10
1430  Emergency Seen DC4-685 & -DC4-288   G. HARDEN, LPN INDIAN RIVER C.I.

1440  Head to feet Assessments Done   G. HARDEN, LPN INDIAN RIVER C.I.

## DOCTOR'S CLINIC

7/15/10   Date / Time: _____   EMRL

T 98 ·FP 89 BP 987 m'nl!g R 18 Wt 135

1032  S- S/P trauma HTTE lock + bruises
+ bruises to chest + legs
O- VSI afebrile
Skin bruises on R Ht thigh
ENT unremarkable.
neck supple
Chest clear
sore R upper back
DR RRN
A  S/P trauma
apparent fracture. x-ray

P  Ibuprofen prn pain
no need for x-ray

M. Chryssidis, M.D.
Senior Physician
Indian River C.I.

R. FONCHAM, SRN
SENIOR REGISTERED
NURSE

Inmate
DC#___
Date of
Institut

LAWSON, AVION
DC# W38414  R/S: B/M
DOB: 11/04/1993
INDIAN RIVER CORRECTIONAL

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

This form is not to be amended, revised, or altered without approval
by the Office of Health Services-Administration

DC4-701 (Revised 10/31/08)

FLORIDA DEPARTMENT OF CORRECTIONS
**OFFICE OF HEALTH SERVICES**
**DIAGRAM OF INJURY**



Date of occurrence 7/13/10          Time of occurrence 1200
Date injury assessed by medical 7/13/10     Time injury assessed by medical 1430

☐ No injury identified

Description of injury Laceration L shin ② Bruised Rib Area ③ Contusion R forehead
④ Bruised ④ thigh, ⑤ Bruised R shoulder, ⑥ Swollen area behind
R knee

G. HARDEN, LPN
INDIAN RIVER C.I.

Staff Signature

Inmate N     LAWSON, AVION
DC#___      DC# W38414  R/S: B/M
Date of      DOB: 11/04/1993
Institut     INDIAN RIVER CORRECTIONAL

This form is not to be amended, revised, or altered without
approval by the Office of Health Services- Administration

DC4-708 (Revised 10/07)

Incorporated by Reference in Rule 33-602.210, F.A.C.

DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
**FRACTURE/SPRAIN ASSESSMENT**

## SUBJECTIVE

Date/Time: 1/31/0 @ 1200        Age: 17        Description of event: "Got dumped

by apprx 5-6 other I/M"

Description of pain: Pain level #8

Medications: N/A

Allergies: NKDA

## OBJECTIVE

B/P 109/73   Temp 98   Pulse 101   Resp 20   Age 17   Weight 130

**Check all that apply. Place additional comments on back.**

Affected area: See DC4-708

Findings:      ☒ Pain        ☐ Deformity      ☐ Discoloration      ☐ Bleeding      ☐ Open Fracture
Distal Pulse:  ☒ Present     ☐ Absent         ☐ Numbness           Describe:_____
Swelling:      ☐ None        ☐ Mild           ☐ Moderate           ☐ Severe
Other:_____

## ASSESSMENT

Injury—R/O fracture, R/O sprain.

## PLAN

☐ Refer to M.D. or clinician.                          ☐ Control of blood or body fluid loss.
☐ Splint joint above and below suspected               ☐ Recheck distal pulse: Present_____ Absent____
  fracture site.                                        ☐ If open fx, check Tetanus Tox. status.
☐ Elevate limb and apply ice.                          ☒ Pain management.
Other:_____

## EDUCATION

☒ Instruct on pain control.                            ☐ Instruct on use of heat/cold (intermittent).
☐ Instruction on keeping extremity elevated.           ☐ Instruct on use of assistive devices when
☐ Instruct to report any tingling, numbness,             applicable.
  skin discoloration, coolness, or increase of         ☐ Instruct on cast care when applicable.
  severe pain immediately.

Other:_____

| INMATE | LAWSON, AVION |
| DC# | DC# W38414  R/S: B/M |
| DATE OF | DOB: 11/04/1993 |
| INSTITUT | INDIAN RIVER CORRECTIONAL |

Signature/Stamp
This form is not to be amended, revised, or altered without approval
of the Deputy Director for Health Services Administration

DC4-683J (Revised 4/01) Page 1 of

# STATE OF FLORIDA

### DEPARTMENT OF CORRECTIONS
## PRE-SPECIAL HOUSING HEALTH ASSESSMENT

**Institution:** INDIAN RIVER CORRECTIONAL INSTITUTION   **Date:** 7/13/10   **Time:** 1515

| Use of force? Yes ☐ No ☑ If yes, also complete DC4-701C. | M | S | W | T | I | SD |
|---|---|---|---|---|---|---|
| | 1 | 1 | 1 | 1 | | |

**Is inmate demonstrating strange/bizarre or threatening/engaging in self-harmful behavior? Yes ☐ No ☑**
If yes, describe:

**Current Medical Complaint? Yes ☑ No ☐** If yes, describe condition and treatment:
Injury to (L) lower leg  See DC4-703 for all injuries

**Vital Signs:** T: 98.0 P: 101 R: 20 BP: 109/73 Wt: 130   **Allergies (list):** NKDA
**Infirmities or impairment? Yes ☐ No ☑** If yes, list findings:

**Medications? Yes ☐ No ☑**

| List Current Medications (include psychotropics): | Dose | Frequency | Renewal Y | Renewal N |
|---|---|---|---|---|
| | | | | |

**Pending Appointments (per inmate)**
Dental: Date: N/A
Mental Health: ∅
Chronic Clinic: Yes ☐ No ☑  TYPE:

**Arrangements for Medication Administration:**
Self ___ Health Care Staff ___ NA ___

**Inmate medication delivered to health care staff? Yes ☐ No ☑** If no, disposition:

Special Appointments: ∅
Dx Studies: ∅

**Are there any apparent acute medical/mental health reasons that preclude placement in special housing?**
Yes ☐ No ☑ If yes, explain on back, refer inmate to clinic.
Place any other pertinent information on back.
**Health Record Reviewed? Yes ☑ No ☐**
**Inmate advised of how to access medical, dental, and mental health care? Yes ☑ No ☐**
**Mental Health Referral via DC4-529 (S2/S3)? Yes ☐ No ☐ N/A ☑**

**Staff member signature, title and name stamp:** _A. COLEMAN, LPN INDIAN RIVER C.I._

LAWSON, AVION
DC# W38414  R/S: B/M
DOB: 11/04/1993
INDIAN RIVER CORRECTIONAL   /Sex_____

DC4-769 (Revised 12/05) Page 1 of 2

This form is not to be amended, revised, or altered without approval of the Deputy Assistant Secretary of Health Services Administration.



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE #13-CV-14262-DLG

STATE OF FLORIDA )
COUNTY OF INDIAN RIVER )    AFFIDAVIT OF AVION LAWSON

I, AVION LAWSON DC# W138414, HEREBY IS COMPETENT TO TESTIFY TO THE FOLLOWING STATED BELOW UNDER OATH OF PENALTIES OF PERJURY AND THE STATED FACTS ARE TRUE AND CORRECT AS STATED...

ON DATE 7-13-2010, I WAS HOUSED IN K-3 DORMITORY WHERE OFFICER DOMINICK RITCHIE WAS ASSIGNED AS DORM OFFICER FIVE (5) DAYS A WEEK. OFFICER RITCHIE PROMISED AND GUARANTEED TO HAVE ME BATTERED AND RAPED BECAUSE OF MY CRIMINAL CASE AND MEDIA ATTENTION THAT AIRED ON ALL MAJOR NEWS STATIONS SHOWING THAT OFF. RITCHIES CLAIM THAT HE DID NOT KNOW OF THE UNDERLYING FACTS INDICATING A SUBSTANTIAL DANGER TO PLAINTIFF, THAT HE WAS UNAWARE OF THE DANGER IS FALSE AND HE SHALL BE HELD LIABLE UNDER CLAIM OF ENDANGER DUE TO OFFICER D. RITCHIE FAILURE TO PROTECT PLAINTIFF FROM BEING RAPED AND BEATEN BY MULTIPLE INMATES. "FAILURE TO TAKE REMEDIAL STEPS AFTER RECEIVING NOTICES VIOLATED 8TH AMENDMENT. PATZNER V. BURKETT, 779 F.2d 1363 (8TH CIR. 198 NEWSOME V. LEE COUNTY, ALA., 431 F. SUPP. 2d 1189 (M.D. ALA. 2006)." POLICE ALLOWED PRISONER TO RAPE OTHER PRISONER SHOULD BE HELD LIABLE." VELEZ V. JOHNSON, 395 F.3d 732 (7TH CIR. 20 "OFFICER KNEW OF RISK OF ASSAULT COULD BE LIABLE". COURTS HAVE HELD THAT POLICE SHOU PROTECT INMATES. See GANGLOFF V. POCCIA, 888 F. SUPP. 1549 (M.D. FLA. 1995); DACE V. SOLEM 858 F.2d 385 (8TH CIR. 1988). OFFICER RITCHIE KNEW AND WAS VERY AWARE THAT HIS EVIL INTENTIONS TO HAVE ME HARMED VIOLATED CLEARLY ESTABLISHED STATUTORY AND CONSTITUTION AL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN. AS PRISON OFFICIALS SHA FAMILIARIZE THEMSELF WITH ALL RULES AND NOT TREAT AN INMATE IN A CRUEL AND USUAL MANNER RULE 33-208.002 (1), (8) RULES OF CONDUCT F.A.C. OFF. RITCHIE ORDERED 5 OR 6 INMATES TO BEAT AND RAPE PLAINTIFF WHO BEAT ME WITH LOCKS AN PENETRATED MY ANAL AREA WITH A BROOM AND THEREAFTER, SEXUALLY ASSAULTED ME.

(1)

WHILE BEING ESCORTED OFF RITCHIE WALKED INSIDE THE QUAD AND SAID "GET READY FOR CHOW" AS HE SMILED AND LOOKED AT ME. I TOLD OFF.RITCHIE I NEEDED IMMEDIATE MEDICAL ATTENTION WHOM BECAME AWARE OF THREAT TO MY HEALTH AND SAFETY. I PREVIOUSLY TOLD RITCHIE IN THE PAST SEVERAL TIMES I NEEDED PROTECTION BECAUSE OF THREATS, BEING ASSAULTED BY INMATES ALREADY, AND THE STRONG LIKELIHOOD OF BEING BEATEN AND RAPED RATHER THAN THE MERE POSSIBILITY. BUT OFF.RITCHIE STILL DENIED ME PROTECTION AND THAT DAY DENIED AND DELAYED ME ADEQUATE MEDICAL TREATMENT FOR AN UNEXPLAINED DELAY IN HOURS CONSTITUTED DELIBERATE INDIFFERENCE. AS WE (INMATES) WERE ESCORTED TO THE MESS HALL I ASKED OFF. RITCHIE TWICE MORE FOR MEDICAL CARE WHO ONCE AGAIN DENIED ME AND SAID "I'LL HAVE YOUR ASS BEAT AGAIN IF YOU GO TO MEDICAL SO WHAT DO YOU WANT TO DO" SHOWING A CASUAL CONNECTION. DO TO THE UNBARABLE SORNES, CRAMPS, BRUISES AND A LACERATION ON MY LEFT LEG I ASKED ANOTHER OFFICER CAN I GO TO MEDICAL WHO SAID "OH IT'S THE RAPIST WHO'S ALL HURT UP NOW AND WANT HELP, HELL NO YOUR NOT GOING TO MEDICAL". UPON RETURN TO THE DORM I LAYED IN BED ABOUT AN HOUR BUT COULD'NT BARE THE PAIN SO I ASKED OFF. RITCHIE AGAIN HE SAID "NOTHINGS WRONG WITH YOU" SO I SHOWED HIM THE LACERATION AND BRUISES AN TOLD HIM I WAS RAPED HE SAID "I SWEAR TO GOD IF YOU DONT COME BACK I'LL WRITE YOUR ASS UP SO MANY TIMES YOU'LL NEVER GET OUT THE BOX". SO I WENT TO MEDICAL AND ON MY WAY OFFICER WRIGHT SHE STOPED ME AND SAID "DONT LET THEM PEOPLE (OFFICIALS) KEEP DOING YOU WRONG BABY NOW GO ON TO MEDICAL". I NEVER TOLD HER WHAT HAPPEN BUT ULTIMATELY SHE HAD KNOWLEDGE I WAS BEING ABUSED AT THE INSTITUTION

EXECUTED ON THIS ___20TH___ DAY OF ___MARCH___, 2015.

"RESPECTFULLY SUBMITTED".

_Avion Lawson #W38414_
AFFIANT SIGNATURE

_AVION LAWSON #W38414_

PURSUANT TO 28 U.S.C. 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOLLOWING IS TRUE AND CORRECT.

(2)